Unsealed on 2/2/12

~~SEALED~~

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | MAGISTRATE CASE NO. '12 MJ 0360 |
| Plaintiff, ) | COMPLAINT FOR VIOLATION OF: |
| v. ) | Title 18 U.S.C. § 2252(a)(2)(B) - Distribution of Images of Children Engaged In Sexually Explicit Conduct |
| JEFFREY MICHAEL REMILLARD, ) | |
| Defendant. ) | |

FILED
JAN 3 0 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY

The undersigned Complainant, being duly sworn, states:

On or about November 30, 2010, within the Southern District of California, defendant JEFFREY MICHAEL REMILLARD, did knowingly distribute any visual depiction that had been mailed, shipped and transported in interstate and foreign commerce, and which was produced using materials which have been mailed, shipped and transported in interstate and foreign commerce, by any means including by computer, the production of which involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and which visual depiction was of such conduct; in violation of Title 18, United States Code, Section 2252(a)(2).

//
//
//
//
//
//

```
 1        And the complainant states that this complaint is based on the
 2   attached Statement of Facts incorporated herein by reference.
 3
 4                                    _____
                                      DANIEL P. EVANS
 5                                    Special Agent
                                      Federal Bureau of Investigations
 6
 7   Sworn to me and subscribed in my presence this 3 0 day of January, 2012.
 8
 9                                    _____
                                      HONORABLE BERNARD G. SKOMAL
10                                    UNITED STATES MAGISTRATE JUDGE
11
12
...
28
```

## STATEMENT OF PROBABLE CAUSE

On November 30, 2010, your affiant used publicly available peer-to-peer file sharing software to connect to a computer bearing IP address 174.66.142.2. The user of that computer identified himself by the screen name "Viper122." Subsequent investigation revealed that IP address 174.66.142.2 was associated with a computer owned by JEFFREY MICHAEL REMILLARD. While connected, your affiant was able to view files being openly shared by REMILLARD. Your affiant selected and downloaded numerous images depicting child pornography directly from REMILLARD's computer. A review of the downloaded files confirmed they contained sexually explicit images of minors, including the following:

a. " 13 pos5)(1).jpg - is an image of a prepubescent boy inserting his penis into the anus of another prepubescent boy.

b. 1631.jpg - is an image of an adult male forcing a young nude boy to perform oral sex on him. The males face is blanked out and his hands are on the boys head.

c. 127466468534_onionib.jpg - is an image of a male, of an unknown age, inserting his penis into the anus of a prepubescent male who is laying nude on his back.

d. 127400272568_onionib.jpg - is an image of a nude prepubescent male holding his legs over his head while an unknown individual inserts a finger in his anus.

e. D&P0027.jpg - is an image of a young boy performing oral sex on another young boy.

Based on this information a federal search warrant was executed on January 21, 2011 at REMILLARD's residence located at 171 East Prospect Street, Chula Vista, California 91911.

1    Pursuant to the court-authorized search warrant, a desktop
2 computer and other loose media were seized from a trailer located on
3 the property. Investigation revealed REMILLARD was living in this
4 trailer that was parked behind his parents house. A forensic analysis
5 of the seized media revealed over 30,000 images depicting minors
6 engaging in sexually explicit conduct and over 350 videos of minors
7 engaging in sexually explicit conduct.

8    During the execution of the search warrant, your affiant informed
9 REMILLARD that he was not under arrest and was free to leave the
10 residence. He informed your affiant that he understood this and chose
11 to stay and speak to me outside his residence. During the interview
12 that followed, REMILLARD admitted that he possessed and shared images
13 of children engaged in sexually explicit conduct. He further admitted
14 that he used the screen name "Viper122" as well as many other screen
15 names to trade the illegal images.

## REQUEST FOR SEALING

17    It is further respectfully requested that this Court issue an
18 Order sealing, until further order of this Court, all papers submitted
19 in support of this Complaint, including the probable cause statement
20 and arrest warrant. Sealing is necessary because premature disclosure
21 of the contents of this probable cause statement and related documents
22 may cause the defendant to flee and may cause destruction of evidence
23 and may have a negative impact on this continuing investigation.

DANIEL P. EVANS
Special Agent
Federal Bureau of Investigations